IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:18-CR-00011 |
| | : | |
| v. | : | |
| | : | |
| JAMES ALEX FIELDS JR. | : | |
| | : | |

## JOINT MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT

The United States of America and the defendant, James Alex Fields Jr., through counsel, respectfully move this Court to designate this case as "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) for purposes of the Speedy Trial Act, and to schedule a status conference for the week of December 3, 2018. In support, the parties provide the following:

### I. BACKGROUND

On June 27, 2018, the defendant was charged in a 30-count indictment alleging one count of a hate crime act resulting in the death of Heather Heyer (18 U.S.C. § 249); 28 counts of hate crime acts causing bodily injury and involving an attempt to kill (18 U.S.C. § 249), and one count of bias-motivated interference with a federally protected activity (18 U.S.C. § 245) resulting in death. All counts stem from the events of August 12, 2017, in Charlottesville, Virginia.

### II. DISCUSSION

Under the Speedy Trial Act, a district court may exclude time resulting from a continuance based on findings that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice are so served, the factors, among others, which the Court may consider include:

1

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995). The Speedy Trial Act provides "broad discretion" to a district court to grant such an exclusion when necessary to allow for preparation for trial. United States v. Rojas–Contreras, 474 U.S. 231, 236 (1985).

The parties agree, and request that this Court find, that this matter is a complex case within the meaning of § 3161(h)(7)(B)(ii) in light of the nature of this prosecution, including but not limited to (1) the charges include a capital punishment-eligible offense for which the capital case review process is pending; (2) it is a parallel prosecution to a state prosecution that is currently underway; and (3) the nature and amount of discovery.

First, as to its potential capital nature, Count Thirty of the Indictment charges the defendant with bias-motivated interference with a federally protected activity, resulting in the death of Heather Heyer. This offense is a capital-eligible offense. 18 U.S.C. § 245(b). Although the grand jury has issued the special findings required under 18 U.S.C. §§ 3591 and 3592, the Attorney General of the United States has not yet determined whether the prosecution team will be directed to seek the death penalty. See 18 U.S.C. 3593(a) (describing notice requirement regarding intent to seek the death penalty). Before that determination is made, capital case-experienced members of the Department of Justice who are not directly involved in the prosecution at hand conduct an extensive review that considers all factors relevant to that decision. As just one facet of that process, a defense team has the opportunity to prepare and submit a presentation on behalf of the

defendant, including an in-person presentation of the mitigating factors they believe counsel against seeking the death penalty. The parties anticipate that this complex process will require a substantial amount of time to complete, thereby necessitating additional time for the parties to prepare adequately for trial than is allotted under the Speedy Trial Act.

Moreover, this prosecution is parallel to a state prosecution currently underway in Charlottesville Circuit Court. See Commonwealth of Virginia v. James Alex Fields, Docket No. CR17000296. In that case, the defendant has been charged with one count of First Degree Murder, three counts of Aggravated Malicious Wounding, and five counts of Malicious Wounding. Trial in that matter is scheduled for November 26, 2018. One of the members of the defense team that has been advising the defendant in this matter is also counsel in his state case, and that counsel will be preparing for and trying that case this fall. Additionally, the parties agree that those trial proceedings and its outcome may provide information that is material to Attorney General's death penalty determination.

Third, the amount of discovery in this case alone would justify a finding by this Court that this case is complex. The parties recognize that almost all prosecutions today involve large amounts of digital and documentary evidence requiring significant resources by the government and defense to review in preparation for trial. This case is different. As an example, as of the fall of 2017, members of the Federal Bureau of Investigation represented to members of the prosecution team that the amount of digital evidence collected in this case had surpassed that from the investigation into the Boston Marathon Bombing in April 2013. Moreover, in addition to digital evidence, this case also includes the extraordinary amount of discovery one would expect in a case involving at least 29 victims and numerous eyewitnesses, many of whom reside outside

3

of the Western District of Virginia. The government has already begun the extensive process of preparing this material for disclosure to the defense, and one production has already been provided. To prepare for trial, pretrial proceedings, as well as any mitigation submission to the Capital Case Section, the defense will need adequate time to review the discovery provided.

In light of the nature of the prosecution, the parties jointly submit that this Court find that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section," and designate this case as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). The parties further request that, as part of that designation, that the Court schedule a status conference the week of December 3, 2018, and exclude the time between the arraignment and status conference for purposes of the computation of time under Section 3161. The parties submit that a status conference in December 2018 is necessary to afford time to the government to complete discovery, the defense time to review it, and for the Capital Case Review process to proceed.

WHEREFORE, for the foregoing reasons, the United States and the Defendant respectfully request that the Court set this matter for a status conference during the week of December 3, 2018, and exclude the time between that status conference and the defendant's arraignment pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) because the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial, and that the Court grant the motion to certify this case as complex.

Respectfully submitted,

| | |
|---|---|
| _/s/Fred Heblich, Jr._ | _/s/Christopher R. Kavanaugh_ |
| Interim Federal Public Defender | Christopher Kavanaugh, Va. Bar. 73093 |
| 401 E. Market Street, Suite 106 | Assistant United States Attorney |
| Charlottesville, VA 22902 | United States Attorney's Office |
| (434) 220-3380 | 355 W. Main Street |
| Fred_Heblich@fd.org | Charlottesville, VA 22902 |
| Counsel for Defendant | 434-293-4283 |
| | christopher.kavanaugh@usdoj.gov |

CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2018, I electronically filed the foregoing motion with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

 /s/Fred Heblich, Jr.  
Interim Federal Public Defender  
401 E. Market Street, Suite 106  
Charlottesville, VA 22902  
(434) 220-3380  
Fred_Heblich@fd.org  
Counsel for Defendant

 /s/Christopher R. Kavanaugh  
Christopher Kavanaugh, Va. Bar. 73093  
Assistant United States Attorney  
United States Attorney's Office  
355 W. Main Street  
Charlottesville, VA 22902  
434-293-4283  
christopher.kavanaugh@usdoj.gov