IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Case No. 3:18CR00011-001 | |
| JAMES ALEX FIELDS, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**UNITED STATES' MOTION TO
AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**

The United States of America respectfully requests this Court enter an Order authorizing the Federal Bureau of Prisons (BOP) to turn over to the Clerk of Court funds held in the inmate trust account for the above-named defendant as payment towards the criminal monetary penalties imposed in this case pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). In support of this motion, the government avers as follows:

1. Defendant James Alex Fields, Jr. pled guilty pursuant to a plea agreement to Hate Crime Act Resulting in Death, in violation of 18 U.S.C. § 249(a)(1), and Hate Crime Act Involving Attempt to Kill, in violation of 18 U.S.C. § 249(a)(1). ECF No. 42.

2. On October 1, 2017, this Court sentenced Defendant to life without the possibility of release as to Count 1 and life without the possibility of release as to Counts 2 through 29. ECF No. 63. This Court also ordered Defendant to pay a $2,900.00 special assessment, which was "due immediately." *Id.* He was also ordered to pay a $2,900.00 fine and non-federal restitution in the amount of $75,800.04. *Id.*

1

3. Defendant was to make payments of $25 or 50% of his income while incarcerated. *Id.* Defendant has made six $25 payments and one $79.00 since his sentencing. Defendant still owes the balance of his special assessment, fine, and restitution resulting in a current balance of $81,600.04. *See* Payment History, Ex. 1.

4. The defendant remains in federal custody and is currently assigned to the Federal Correctional Institution (MCFP Springfield) in Springfield, Missouri. He is serving a life sentence and is not scheduled to be released from federal custody.

5. The United States Attorney's Office for this district recently was informed that the defendant currently maintains substantial funds in his inmate trust account maintained by the BOP.[1] In accordance with its regulations, the BOP deposited these funds into the defendant's trust account, and BOP currently maintains in its possession, custody, or control approximately $759.86 in funds belonging to the defendant. The monies deposited into Defendant's inmate trust account are from transfers from various individuals. *See* Inmate Detail Report, Ex. 2 (sealed). The Warden has encumbered $759.86 of the funds in Defendant's inmate trust account pending resolution of this Motion. By this motion, the United States seeks entry of an order authorizing the BOP to turnover $650 of these funds to the Clerk of Court as payment toward Defendant's outstanding criminal monetary penalties.

6. Title 18, Section 3613 of the U.S. Code sets forth the procedures for the United States to enforce criminal monetary penalties, including restitution and criminal fines. *See* 18 U.S.C.

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. *Id.* § 540.23.

§§ 3613(a), 3613(f). Specifically, the statute provides that a sentence imposing restitution constitutes a lien in favor of the government against all the defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the United States' lien attached to the defendant's interest in funds held by the BOP in his inmate trust account. *See* 18 U.S.C. § 3613(a) ("[A] judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .").

7. Additionally, "If a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added). *See also United States v. Poff*, No. 16-30141, 2019 WL 306444, at *1 (9th Cir. July 12, 2019) (finding that depending on the source of the funds—i.e. prison wages versus disability payments—the government is entitled to the funds pursuant to § 3664(n)); *United States v. Hill*, 706 F. App'x 120 (4th Cir. 2017) (per curiam) (affirming the district court's decision to release funds from the defendant's inmate trust account to satisfy his restitution obligation pursuant to § 3664(n)); *United States v. Fisher*, No. 3:16-CR-1, ECF No. 47 (W.D. Va. June 10, 2021) (ordering the turnover of funds held in defendant's inmate trust account to pay fine); *United States v. Felton*, No. 3:03-CR-8, ECF No. 466 (W.D. Va. Nov. 24, 2020) (Moon, J.) (granting the turnover of funds held in defendant's inmate trust account despite complying with his judgment's requirement of $25 quarterly payments while in prison); *United States v. Winebush*, 2020 WL 2507677, at *2 (S.D.W. Va. May 15, 2020) (ordering the turnover of funds held in the defendant's inmate trust account despite payment schedule in judgment that he pay $25 per quarter while incarcerated); *United States v. Fisher*, *United States v. Kenney*, 2020 WL 1934967, at *2-3 (S.D.W. Va. Apr. 22, 2020) (granting the government's motion to turn over funds held in the defendant's trust account); *United States v.*

3

*Rush*, 2016 WL 3951224, at *3 (W.D. Va. July 20, 2016) (granting the government's motion to authorize the BOP to turn over the funds held in Defendant's trust account after the sale of his boat).

8. An order authorizing the turnover of Defendant's property is appropriate here, and the United States is not required to rely upon other formal collection remedies, such as garnishment of or execution upon property to obtain these funds. The funds at issue currently are in the United States' possession, and the United States has a valid lien over this property.

9. Furthermore, because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his fine.[2]

10. The defendant also failed to notify the U.S. Attorney that he acquired these significant funds, as required by this Court's Judgment Order. *See* ECF No. 1341 at 8 ("[D]efendant shall

---

[2] By statute, challenges to a garnishment of the defendant's property are limited to (1) the probable validity of any claim of exemption, and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted. 28 U.S.C. § 3202(d).

notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay"."). The receipt of more than $750 in funds by Defendant certainly constitutes a material change in his "economic circumstances" that affects his ability to pay his restitution.

11. Additionally, although the Judgment ordered Defendant to make monthly payments of $25 during incarceration, Defendant's plea agreement stated otherwise. In the plea agreement, Defendant agreed he would "make good faith efforts toward payment of all mandatory assessments, restitution and fines, *with whatever means I have at my disposal*." ECF No. 42 at 4 (emphasis added). Further, he understood and agreed that 'whatever monetary penalties are imposed by the Court will be *due immediately* . . . . [and] if the Court imposes a schedule of payments, that schedule is only a *minimum* schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment." *Id.* at 5 (emphasis added).

12. The United States has served Defendant with a copy of this motion, and he may object to the United States' intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

13. The United States submits that the requested relief is reasonable and appropriate in this instance where the defendant has accumulated significant funds in his inmate trust account. Also, without this relief, the BOP will be required to allow Defendant access to these funds. This would allow Defendant, or others, the opportunity to possibly dissipate, conceal, or transfer the funds without first paying his restitution.

14. The defendant is scheduled to remain incarcerated for life. He was convicted of serious offenses, and his financial obligation will remain outstanding for many years. Accordingly, the

United States requests that the Court grant the motion and order that the BOP turnover $650 of the $759.86 in Defendant's inmate trust account to the Clerk of Court to be applied towards the defendant's significant financial obligation.

WHEREFORE, for the reasons explained above, the United States requests that this Court grant its motion.

                                    Respectfully submitted,

                                    CHRISTOPHER R. KAVANAUGH
                                    United States Attorney

Date: <u>December 21, 2022</u>                /s/ Krista Consiglio Frith
                                              Krista Consiglio Frith
                                              Virginia Bar No. 89088
                                              Assistant United States Attorney
                                              Western District of Virginia
                                              Post Office Box 1709
                                              Roanoke, Virginia 24008-1709
                                              Telephone 540/857-2259
                                              Email: krista.frith@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice to all parties of record, and I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant(s):

James Alex Fields, Jr.
Fed. Register # 22239-084
MCFP Springfield Federal Medical Center
P.O. Box 4000
Springfield, MO 65801

/s/ Krista Consiglio Frith
Assistant United States Attorney