IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 3:18CR00011-001 |
| JAMES ALEX FIELDS, JR., | ) ) |
| Defendant. | ) ) |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO
AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**

On December 21, 2022, the United States moved for an Order authorizing the Federal Bureau of Prisons (BOP) to turn over to the Clerk of Court $650.00 of the funds held in Defendant Fields's inmate trust account as payment towards the criminal monetary penalties imposed in this case. ECF No. 76. On January 23, 2023, Fields responded to the government's Motion, requesting the Court only authorize the turnover of $298.00 from his inmate trust account because "$300 of the $758.00 on [his] account is encumbered due to institutional fines." ECF No. 79 at 1. The Court ordered the government to respond as to (1) what additional financial responsibilities Fields may have to BOP, and (2) whether the government is opposed to an order requiring Fields to pay $298.00 rather than $650.00, ECF No. 80 at 2.

First, BOP attorneys confirmed that Fields currently owes $311.00 in fines to BOP due to institutional misconduct. The fines were imposed on February 16, 2021 ($61 for making a threatening remark to an officer) and December 28, 2020 ($250 for possessing a dangerous weapon). *See* Disciplinary History, Ex. 1. BOP attorneys also confirmed BOP does not require a transfer of funds from the inmate's trust account to pay the institutional misconduct fines.

1

Instead, the inmate is restricted from using the majority of his trust account unless he agrees to release the money to pay the fines. Specifically, the inmate is restricted to spending $25 per month at the prison commissary, but certain items are excluded from that limitation such as stamps, over-the-counter medications, and copy cards/paper. Fields has not released money to pay the disciplinary fines to date, and BOP has thus restricted his inmate trust account since December 28, 2020, the date of his first BOP fine. This restriction to his inmate trust account, however, would not impede the Court's ability to order the turnover of $650 in funds from Fields's inmate trust account.

Second, the government opposes a turnover order of only $298.00. Fields's restitution obligation was imposed in his amended judgment on October 1, 2019. ECF No. 63. It, therefore, predates Fields's institutional misconduct fines and has priority over the institutional fines that Fields has opted not to pay to date, which he had two years to pay.

Fields owes a significant amount of non-federal restitution to the victims of his crimes. The current balance of his criminal financial obligations is $81,600.04. The minimal payments Fields has made to date have gone exclusively toward his $2,900.00 special assessment, and thus, Fields's victims have not received any restitution payments in the nearly four years since his sentencing. Fields is scheduled to remain incarcerated for life. At his current payment rate of $100 per year, it would take him 816 years to pay his financial obligation. Such a payment rate effectively avoids the majority of Fields's restitution. Therefore, the government continues to seek the turnover of $650.00 from Fields's inmate trust account.

As set forth in the government's Motion, the United States has a lien against all Fields's property, and that lien attached to Fields's interest in the funds held in his BOP inmate trust

account. *See* 18 U.S.C. § 3613(a) & (f); *see also* 18 U.S.C. § 3664(n). Thus, the government can seek the turnover of the entirety of Fields's inmate trust account.[1]

Considering Fields will remain incarcerated for life, his current payments to date, and the large unpaid restitution balance, the Court should order the turnover of $650.00 of Fields's inmate trust account to the Clerk of Court to be applied toward Fields's significant financial obligation.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date: February 22, 2023

/s/ Krista Consiglio Frith
Krista Consiglio Frith
Virginia Bar No. 89088
Assistant United States Attorney
Western District of Virginia
Post Office Box 1709
Roanoke, Virginia 24008-1709
Telephone 540/857-2259
Email: krista.frith@usdoj.gov

---

[1] The government's Motion seeks to leave Fields with approximately $100 in his inmate trust account to allow him the ability to purchase necessary items.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice to all parties of record, and I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant(s):

James Alex Fields, Jr.
Fed. Register # 22239-084
MCFP Springfield Federal Medical Center
P.O. Box 4000
Springfield, MO 65801

/s/ Krista Consiglio Frith
Assistant United States Attorney